IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ABDULRAHMAN MUHAMMAD SALEH NASSER,

                      Petitioner/Plaintiff,

v.

GEORGE W. BUSH, et al.,

                      Respondents/Defendants.

CIVIL ACTION NO. 07-CV-1710 (RBW)

**PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO MOTION TO ENTER THE NOVEMBER 8, 2004 AMENDED PROTECTIVE ORDER**

Petitioner, Abdulrahman Muhammad Saleh Nasser, respectfully requests that the Court enter the November 8, 2004 protective order from *In re Guantanamo Bay Detainee Cases*, so that Petitioner and his counsel can meet, converse, and correspond regarding this *habeas corpus* case.

Respondents argue that the *Bismullah* protective order, approved by the D.C. Circuit for Detainee Treatment Act ("DTA") cases, must govern this *habeas corpus* proceeding. *See* Protective Order, *Bismullah v. Gates*, No. 06-1197 (D.C. Cir. Oct. 23, 2007) (attached as Ex. 1 to Petitioner's Emergency Motion to Enter the November 8, 2004, Amended Protective Order from *In Re Guantanamo Bay Detainee Cases*, *Nasser v. Bush*, No. 07-cv-1710 (D.D.C. Mar. 31, 2008) ("Emergency Motion")). The *Bismullah* order was tailored specifically for DTA cases, which are procedurally distinct and

substantively narrower legal proceedings than *habeas corpus* review.[1] Were it to govern this matter, the *Bismullah* protective order would bar Petitioner from fairly developing this *habeas corpus* case, and inexplicably would condition Petitioner's pursuit of this case on unrelated activities before the D.C. Circuit.[2]

To give just two examples: First, the *Bismullah* protective order bars Petitioner from exchanging legal mail with counsel regarding any events taking place after Petitioner's Combatant Status Review Tribunal ("CSRT"), which occurred on October 6, 2004.[3] Thus, legal mail could not include:

---

[1] Although Respondents conflate the two proceedings, review by the D.C. Circuit pursuant to the DTA is completely divorced from, and dramatically narrower than, *habeas corpus* review in this Court. This point has been elaborated in a number of contexts, including in Petitioner's *habeas corpus* petition, Petition for a Writ of *Habeas Corpus*, *Nasser*, No. 07-cv-1710 (D.D.C. Sept. 25, 2007), and before the Supreme Court in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (2007), argued Dec. 5, 2007 (No. 06-1195).

[2] Respondents accurately state in their April 11, 2008, Notice of Correction, that Petitioner and the government filed a joint motion for entry of the *Bismullah* protective order in Petitioner's DTA case on April 10, 2008. As explained herein, the *Bismullah* protective order is inadequate to allow Petitioner to pursue this *habeas corpus* case. Furthermore, merely filing a motion is meaningless: Petitioner will not be allowed access to counsel until the D.C. Circuit acts on the motion, and Petitioner has no indication if or when the court may act. Petitioner's DTA filing thus has no bearing on the instant motion.

[3] Under the *Bismullah* protective order:

> "Legal Mail" consists only of documents and drafts of documents that are intended for filing in [the DTA] action and correspondence directly related to those documents that:
>
> i. relate directly to the litigation of [the DTA] action; [and]

*(Footnote continued)*

2

- any discussion of the "Annual Review Boards," which purport to justify Petitioner's continued captivity, or of their relationship to petitioner's *habeas corpus* claims;

- discussion of any evidence from before Petitioner's arrest or from the 42 months since his CSRT, including evidence proving Petitioner's innocence, unless such evidence addressed "events leading up to [Petitioner's] capture";[4]

- any discussion of Petitioner's treatment in captivity in the past three and one half years, including allegations of abuse or health concerns;

- <u>any mention of the existence of this *habeas corpus* case</u>, because it is an event occurring after the CSRT, and arguably does not "relate directly to the litigation of [the DTA] action." *Bismullah's* definition of legal mail would not allow counsel to send Petitioner a copy of his own *habeas corpus* petition.

Second, under the *Bismullah* protective order, Petitioner would be entitled to only two meetings with his *habeas corpus* counsel unless he authorized them <u>to pursue Petitioner's DTA case, a proceeding utterly divorced from this *habeas corpus* case</u>. Respondents fail to explain why Petitioner's access to *habeas corpus* counsel should turn on his authorizing those same counsel to pursue his DTA case. Petitioner is entitled to forgo

---

ii. address only (a) events leading up the to capture of the Detainee on whose behalf the petition was filed; (b) events occurring between such Detainee's capture and any hearing before a Combatant Status Review Tribunal (CSRT) relating to such Detainee; and (c) the conduct of the CSRT proceeding relating to such Detainee[.]

Emergency Motion Ex. 1 at 4-5, *Nasser*, No. 07-cv-1710 (D.D.C. Mar. 31, 2008).

[4] For example, suppose counsel discovered a witness whose testimony would exculpate Petitioner, but the testimony did not address "events leading up to [Petitioner's] capture." Counsel could not write Petitioner legal mail informing him of this development. Similarly, if Petitioner knew of such a witness, Petitioner could not send legal mail informing counsel and instructing them to locate the witness and present the evidence.

DTA representation altogether, or to select alternate counsel for the separate proceeding, without forfeiting his right to decide the terms of his representation before this Court. Unlike the *Bismullah* order, the protective order Petitioner seeks was designed to govern *habeas corpus* cases, and appropriately requires Petitioner to authorize counsel for his *habeas corpus* proceeding.

By muddling the distinct DTA and *habeas* proceedings, Respondents attempt by sleight of hand to dissuade this Court from adopting the protective order appropriate to this proceeding.  *See* Respondents' Opposition to Petitioner's Emergency Motion to Enter Protective Order at 7, *Nasser*, 07-cv-1710 (D.D.C. Apr. 10, 2008) (alleging "the inherent unsoundness of petitioners' invitation to this Court to sit in judgment of the adequacy of a protective order that a three-judge panel of our Court of Appeals adopted following substantial briefing and argument").  Respondents fail to recognize that the D.C. Circuit in *Bismullah* addressed the protective order appropriate <u>for DTA claims</u>.  Such a decision has no bearing on Petitioner's *habeas corpus* case.  Indeed, it is this Court, and not the Court of Appeals, which has jurisdiction in the first instance over *habeas corpus* petitions.  *See* Petition at 3, *Nasser*, 07-cv-1710 (D.D.C. Sept. 25, 2007).  Because the D.C. Circuit has never addressed what protective order should govern a Guantanamo Bay prisoner's *habeas corpus* case, this Court should follow the precedent it and the other District Courts have established and enter the *In re Guantanamo Bay Detainee Cases* protective order.  *See, e.g.,* Order, *Mohammon v. Bush*, No. 05-2386 (RBW) (D.D.C. June 27, 2006).

4

Finally, Respondents reiterate their position that this court lacks jurisdiction to hear this case under the D.C. Circuit's *Boumediene* decision, 476 F.3d 981. The Supreme Court remains the final arbiter of this Court's jurisdiction, and will resolve the question when it decides *Boumediene*, now under review. The status quo, allowing Guantanamo prisoners to meet and correspond with their *habeas corpus* counsel, should be maintained in the interim. Accordingly, this Court and its fellow District Courts have continued to exercise jurisdiction over Guantanamo prisoners' *habeas corpus* cases pending a Supreme Court ruling in *Boumediene*. *See, e.g.,* Order, *Abulayev v. Bush*, No. 05-2389 (RBW) (Mar. 19, 2008) (granting, just one month ago, a Guantanamo prisoner's substantive motion in his *habeas corpus* case).

In sum, Petitioner asks the Court to enter in this case the protective order tailored for *habeas corpus* proceedings: the November 8, 2004, order from *In re Guantanamo Bay Detainee Cases*. Although Respondents deride differences between this protective order and the *Bismullah* protective order as mere "quibbles," their vigorous opposition to the instant motion belies such characterization. If the differences were immaterial, Respondents should be equally satisfied with either order. The *In re Guantanamo Bay Detainee Cases* protective order adopted in other *habeas* cases, not some order crafted for DTA proceedings, is appropriate in this *habeas corpus* action.

Dated: April 21, 2008                                  Respectfully submitted,

                                                      Counsel for Petitioner:

                                                           */s/ Brent N. Rushforth*

Brent N. Rushforth (DC 331074)
Kit A. Pierson (DC 398123)
Sarah B. Pojanowski (DC 502036)
Elizabeth S. Arora
Janet E. Haws
**HELLER EHRMAN LLP**
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020


Shayana Kadidal (DC 49512)
Pardiss Kebriaei (DC 51395)
**CENTER FOR CONSTITUTIONAL RIGHTS**
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULRAHMAN MUHAMMAD SALEH NASSER,**<br><br>                    Petitioner/Plaintiff,<br>    v.<br><br>**GEORGE W. BUSH**, et al.,<br><br>                    Respondents/Defendants. | **CIVIL ACTION NO. 07-CV-1710 (RBW)** |

### CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of April, 2008, I caused a true and correct copy of the **PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO MOTION TO ENTER THE NOVEMBER 8, 2004 AMENDED PROTECTIVE ORDER** to be served on by the ECF system:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Counsel for Respondents

                                             */s/ Brent N. Rushforth*